# EXHIBIT "A"

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA
**2023RCCV00263**
AMANDA N. HEATH
MAY 18, 2023 02:05 PM

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

## IN THE SUPERIOR COURT OF RICHMOND COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| EDITA PEREA BROADWATER, Individually and as Surviving Spouse of Rex Broadwater, and ANITA BROADWATER HICKS, as Administratrix of the Estate of Rex Broadwater, <br><br> Plaintiffs, <br><br> v. <br><br> AUGUSTA CHILLER SERVICE, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. _____ |

## COMPLAINT

COME NOW the Plaintiffs, Edita Perea Broadwater, Individually and as Surviving Spouse of Rex Broadwater, and Anita Broadwater Hicks, as Administratrix of the Estate of Rex Broadwater, by and through counsel, and hereby file this Complaint as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Edita Perea Broadwater (hereinafter "Plaintiff Edita Broadwater") is the surviving spouse of Rex Broadwater, deceased, and is a resident of Richmond County, Georgia. Plaintiff Edita Broadwater brings this action under the laws of the state of Georgia, O.C.G.A. § 51-4-2(a), to recover the full value of her husband's life.

2. Plaintiff Anita Broadwater Hicks (hereinafter "Plaintiff Anita Hicks") is the surviving daughter of Rex Broadwater, deceased, and is a resident of Lexington County, South Carolina. Plaintiff Anita Hicks was appointed as the Administratrix of the Estate of Rex Broadwater on April 14, 2023 in the Probate Court of Richmond County, Georgia, and brings this action on behalf of her father's Estate.

3. Defendant Augusta Chiller Service, Inc. (hereinafter "Defendant") is a Georgia corporation with its principal place of business located at 1133 White Rock Road, Lincolnton, Georgia 30817. Defendant may be served with process through its registered agent, Edwin Russell Scott, 1133 White Rock Road, Lincolnton, Georgia 30817.

4. This Honorable Court has jurisdiction over the parties and subject matter of this action, and venue is proper in Richmond County.

## FACTUAL BACKGROUND

5. At all times relevant hereto, Rex Broadwater (hereinafter the "Decedent") was employed by Global Spectrum, LP d/b/a OVG360 (hereinafter "OVG360") as a maintenance manager.

6. At all times relevant hereto, OVG360, a full-service venue management and event programming company, managed the James Brown Arena and The Bell Auditorium in Augusta, Georgia pursuant to a contract with the Augusta-Richmond County Coliseum Authority.

7. Upon information and belief, at all times relevant hereto, the Defendant was in the business of, among other things, designing, installing, maintaining and servicing chiller systems.

8. At some time prior to November 18, 2022, the Augusta-Richmond County Coliseum Authority and/or OVG360 contracted with the Defendant for the performance of certain services including, but not limited to, preventative and on-demand maintenance of the Trane and York water-cooled chiller systems and related equipment that was in place in the basement chiller room at the James Brown Arena (hereinafter the "chiller room") on November 18, 2022.

9. On or about November 18, 2022, at approximately 6:00 p.m., the Decedent was working at the James Brown Arena when he reportedly heard a hissing noise coming from the

chiller room. In response, the Decedent immediately contacted employees of the Defendant to report a suspected Freon leak in the chiller room.

10. Upon being notified of the suspected Freon leak by the Decedent, an employee of the Defendant instructed the Decedent to go into the chiller room to shut off the chillers and then evacuate the building.

11. At no time after instructing the Decedent to enter chiller room to deal with the leak did any employee of the Defendant ever warn him of the hazards posed by the leaking Freon or advise him of the need to wear a respirator or other personal protective equipment "("PPE"), despite Defendant's superior knowledge regarding the same.

12. Upon information and belief, thereafter, at the Defendant's direction, the Decent entered the chiller room and after locating the source of the hissing sound, an unplugged opening on the Trane RuptureGuard pressure relief system, he attempted to plug the hole with a large threaded bolt.

13. Upon further information and belief, after partially screwing in the bolt to plug the leak, the Decedent evacuated the building as instructed by the Defendant. Shortly thereafter, the Decedent was found non-responsive at the bottom of a nearby exterior stairwell by an employee of the Defendant.

14. As a direct and proximate result of the Decedent's exposure to toxic levels of Freon, he was pronounced dead at the scene after life-saving measures by first responders were unsuccessful.

15. The Trane RuptureGuard pressure relief system that the Freon was leaking from on November 18, 2022 is a device that is designed to protect the chiller system during an overpressure event. If the chiller's internal refrigerant pressure exceeds 15 psig, the pressure relief valve's

internal rupture disk bursts, releasing pressure to the relief valve and venting the refrigerant to the atmosphere outside of the building. The opening in the Trane pressure relief valve that was the source of the Freon leak in this case should have had a plug, pressure switch, excess flow valve or gauge in it to prevent the leak of refrigerant in the event of an over-pressure situation.

16. Moreover, upon information and belief, on November 18, 2022, there was a refrigerant leak detection system located inside of the chiller room at the James Brown Arena that was designed to detect, among other things, Freon leaks and, in turn, trigger audible and visual alarms inside of the chiller room. However, unbeknownst to the Decedent, at the time of the Freon leak in this case, the refrigerant leak detection system was not in working order.

## COUNT I – NEGLIGENCE

17. Plaintiffs re-allege and incorporate by reference each and every paragraph set out above as if fully stated herein.

18. At all times relevant hereto, the Decedent exercised reasonable care for his own safety.

19. Pursuant to its contract with the Augusta-Richmond County Coliseum Authority and/or OVG360, the Defendant assumed the responsibility for maintaining and servicing the chiller systems and related equipment in the chiller room at the James Brown Arena in a reasonably safe operating condition.

20. Moreover, when the Defendant undertook to maintain and service the chiller systems and related equipment in the chiller room, the Defendant recognized, or should have recognized, that those services were necessary for the protection of the Decedent and other individuals working in that area of the arena.

21. Furthermore, at the time of the incident described herein, the Defendant, by and through its employees and/or agents, had superior knowledge of the hazards posed by the Freon leaking from the chiller system that the Defendant was responsible for maintaining. As such, when the Defendant's employee and/or agent instructed the Decedent to enter the chiller room to shut off the chillers, the Defendant assumed and/or undertook a duty to warn the Decedent of foreseeable dangers and hazards associated with exposure to Freon.

22. The Defendant, through the acts and/or omissions of their agents and/or employees acting within the scope of their agency and/or employment, was negligent, grossly negligent, reckless, willful and wanton and breached the duties owed to the Decedent in one or more of the following particulars, to wit:

 (a) In failing to exercise ordinary care to keep and maintain the chiller systems and related equipment located in the chiller room of the James Brown Arena in a reasonably safe condition;

 (b) In failing to exercise ordinary care to keep and maintain the refrigerant leak detection system located in the chiller room of the James Brown Arena in a reasonably safe and working condition;

 (c) In creating and/or allowing dangerous conditions to exist in the chiller room at the James Brown Arena which posed a foreseeable risk of injury to arena personnel, including the Decedent;

 (d) In failing to warn the Decedent of the dangers and risks associated with entering the chiller room while Freon was leaking despite Defendant's superior knowledge regarding the same;

 (e) In failing to warn the Decedent that a dangerous condition existed in the chiller room at the James Brown Arena which required extra care to be taken including, but not limited to, the use of appropriate PPE, despite Defendant's superior knowledge regarding the same;

 (f) In exposing the Decedent to a greater risk of harm than had previously existed by instructing the Decedent to enter the chiller room to shut off the chillers while Freon was leaking therefrom;

    (g)    In failing to comply with any and all applicable codes, rules, regulations and/or standards applicable to the work that the Defendant was contracted to perform in the chiller room at the James Brown Arena;

    (h)    In failing to exercise that degree of care which a reasonable and prudent HVAC contractor would have exercised under the same or similar circumstances; and

    (i)    In any such other and further particulars that the Plaintiffs may become aware of through discovery and/or at trial.

23.    As a direct and proximate result of the Defendant's aforesaid negligent, grossly negligent, reckless, willful, and wanton acts and/or omissions, the Decedent was exposed to toxic levels of Freon, experienced conscious pain and suffering, became aware of his impending death, and ultimately died.

## COUNT II – WRONGFUL DEATH

24.    Plaintiffs re-allege and incorporate by reference each and every paragraph set out above as if fully stated herein.

25.    The Defendant's negligent, grossly negligent, reckless, willful, and wanton acts and/or omissions, as set out above, were the direct and proximate cause of the untimely death of Rex Broadwater.

26.    Accordingly, pursuant to O.C.G.A. §51-4-1, *et seq.*, Plaintiff Edita Perea Broadwater, as surviving spouse of the Decedent, Rex Broadwater, is entitled to recover the full value of the life of her husband, in both economic and non-economic damages, without any deduction for necessary or other personal expenses that Mr. Broadwater would have incurred had he lived.

## COUNT III – SURVIVORSHIP AND ESTATE CLAIMS

27.    Plaintiffs re-allege and incorporate by reference each and every paragraph set out above as if fully stated herein.

28. As a direct and proximate result of the Defendant's negligent, grossly negligent, reckless, willful, and wanton acts and/or omissions, as set out above, the Decedent, Rex Broadwater, experienced conscious pain and suffering, became aware of his impending death, and ultimately died.

29. Therefore, Plaintiff Anita Hicks, as the Administratrix of the Estate of Rex Broadwater, is entitled to recover damages for the conscious physical and mental pain and suffering experienced by Mr. Broadwater prior to his death, medical bills, funeral and burial expenses, and all other damages allowable under Georgia law.

## COUNT IV – PUNITIVE DAMAGES

30. Plaintiffs re-allege and incorporate by reference each and every paragraph set out above as if fully stated herein.

31. The acts and omissions as outlined herein show that the Defendant engaged in willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences. Specifically, in reckless, wanton, and intentional disregard for the safety of Mr. Broadwater, the Defendant directed him to enter the chiller room to address a known or suspected Freon leak without adequately warning him of the specific dangers posed, including the risk of death, in conscious indifference to the consequences.

32. Therefore, pursuant to O.C.G.A §51-12-5.1, the Plaintiffs are entitled to an award of punitive damages in an amount sufficient to penalize and punish the Defendant for its misconduct and to deter such misconduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for the following relief:

    (a) That summons issue requiring the Defendant to appear as provided by law to answer the allegations of this Complaint;

(b) For a trial by a jury comprised of twelve persons;

(c) That Plaintiff Edita Perea Broadwater, as surviving spouse of Rex Broadwater, recover the full value of the life of Rex Broadwater, in an amount to be proven at trial, including economic and non-economic damages, as determined by the enlightened conscience of a fair and impartial jury, from the Defendant as damages for the wrongful death of her husband;

(d) That Plaintiff Anita Hicks, as the Administratrix of the Estate of Rex Broadwater, recover for the decedent's pre-death mental and physical pain and suffering, funeral expenses and medical expenses;

(e) That the Plaintiffs be awarded punitive damages from the Defendant in such an amount as may be shown by the evidence and determined in the enlightened conscience of the jury;

(f) That the Plaintiffs recover reasonable attorney's fees and costs of litigation and any statutory penalties allowed by law; and

(g) For such other and further relief as this Court deems just and appropriate.

Respectfully submitted this 18th day of May, 2023.

        MORGAN LITIGATION GROUP, LLC

        /s/Charles T. Slaughter
        Charles T. Slaughter
        Georgia Bar No.: 151618
        *Attorney for the Plaintiffs*

1156 Bowman Road, Suite 203
Mount Pleasant, South Carolina 29464
Telephone: (803) 359-6195
Facsimile: (803) 957-4584
chuck@morganlitigation.com

S. Kirkpatrick Morgan, Jr.
MORGAN LITIGATION GROUP, LLC
Post Office Box 1256
Lexington, South Carolina 29071
Telephone: (803) 359-6195
Facsimile: (803) 957-4584
km@morganlitigation.com
*To be Admitted Pro Hac Vice*

Anthony V. Panico
111 East Main Street
Lexington, South Carolina 29072
Telephone: (803) 359-9644
Facsimile: (803) 359-2533
panicolawfirm@hotmail.com
*To be Admitted Pro Hac Vice*